OPINION of the Court, by
Judge Owsley.
Thi% is an action of detinue brought to recover a negro boy named Fayette, by Alse Tunk, the defendant in error, against the plaintiff Gatewood. Non detinet was plead? ed and verdict and judgment obtained by Tunk* A motion was made for a new trial, but overruled by the court*
Whether, therefore, a new trial shotild have been granted, is the only inquiry which we deem necessary to a determination of this cause.
We are of opinion a new trial should have been granted. The plaintiff in the court below evidently failed to( shew any right to the negro at the commencement of the action. It is true when she married William Page the negro may have belonged to her, but by the marriage a right to the negro accrued to Page ; and by his subsequent sale, although she may not have had the actual possession at the time of marriage, all her right, passed to the purchaser,
The circumstance of her residing in Fayette county, but being married by a minister under a licence which, issued from Woodford county, cannot affect the case for although the license may not have issued in strict; conformity with the law, that irregularity does not make void the marriage, or affect the rights of. either party tc* the marriage. The objection that Gatewood should have pleaded the marriage in abatement, is entitled to no weight: for it is clear her marriage with Page, and his sale of the negro, divested her of all right. It does not operate as an abatement of her writ only, but as a bar to her right.
There is no evidence in the cause of a fraudulent combination between Page and those claiming under, him, to procure the defendant’s negroes, as was urged, in argument. The record exhibits stronger evidence of a fraudulent design on the part of, the defendant, than any other interested in these transactions,
The defendant in error having failed to establish her right to the negro, the verdict should have been against her.
The judgment must be reversed with costs, and the cause remanded for a new trial.